## COMMONWEALTH *versus* ELISHA BOSWORTH.

It is competent for a jury to convict a person charged with the commission of a crime, on the testimony of an accomplice alone ; but the court will advise the jury to acquit, unless such testimony is corroborated by other evidence.

The corroborative evidence, in such case, must relate to some portion of the testimony of the accomplice which is material to the issue.

Where in such case, the accomplice, on his cross-examination, stated that the magistrate before whom the preliminary examination took place, had given him assurances, that he should not be prosecuted if he would disclose all he knew of the transaction in question, it was *held*, that this statement was material to the issue, and that the testimony of the magistrate corroborating this statement, was admissible in evidence to support the general credit of the accomplice.

But where the accused, in such case, for the purpose of impeaching the testimony of the accomplice, introduced a letter from him, admitting that his testimony in regard to the transaction, upon a former occasion, was false, and the attorney for the Commonwealth, in order to show that the letter had been obtained unfairly, asked the accomplice certain questions, in answer to which he testified that the letter was part of a correspondence which had been carried on in jail, and stated the means by which the correspondence had been carried on, the relative position of the several rooms and the arrangement of the prisoners therein, it was *held*, that it was not competent to call witnesses to prove, that the position of the rooms and the arrangement of the prisoners therein, corresponded with the account given by the accomplice, in order to support his general credit.

THIS was an indictment for larceny.

At the trial in the Court of Common Pleas, before *Williams* J., a witness was introduced on the part of the Commonwealth, who testified, that he was an accomplice in the commission of the crime ; and on his cross-examination, the counsel for the defendant inquired of him whether he had not been promised indemnity from prosecution and a reward in money, if he would become a witness for the Commonwealth.

In answer to these inquiries, the witness gave an account of several interviews between himself, Rodolphus Kingsley, a deputy sheriff, J. Willard, Esq., the magistrate before whom the preliminary examination was had, and others. He also testified, that Kingsley, on those occasions, had given him assurances, that he would not be prosecuted, if he would tell all that he knew in regard to the transaction in question, and that he should be paid the sum of $ 100, if he would tell where certain stolen cloth was, provided that was all he knew about the matter ; and that Willard had also given him similar assurances as to his not being prosecuted.

<div style="margin-left: margin">

Commonwealth
v.
Bosworth.

</div>

The district attorney, claiming a right to corroborate the testimony of this witness as to all matters about which he had been properly examined, in order to support his general credit, then called Kingsley and Willard as witnesses. They testified to the same assurances and to the circumstances and conversations which took place at the several interviews between them respectively and the accomplice. To this testimony the defendant objected ; but the court overruled the objection and admitted the evidence.

The defendant, for the purpose of impeaching the testimony of the accomplice, introduced in evidence a letter from him to the defendant, in which he admitted that his testimony in relation to this case, on a former occasion, was false. To explain this evidence, and to show that the letter had been obtained unfairly, the district attorney asked the witness a variety of questions, in answer to which he stated, among other things, that this letter was part of a correspondence, which had been carried on in prison, after he and the defendant had been confined there. He also stated the means by which the correspondence had been carried on, the situation and relative position of the several rooms, and the arrangement of the prisoners therein at different times, while the correspondence was carried on.

The district attorney, in order to corroborate the testimony of the accomplice, for the purpose of supporting his general credit, then called the sheriff and jailer, to prove that the situation of the rooms and arrangement of the prisoners therein corresponded with the account given by the accomplice.

To the admission of this evidence the defendant objected ; but the court overruled the objection, and the evidence was admitted.

The jury returned a verdict of guilty. The defendant excepted to the rulings of the court.

<div style="margin-left: margin">Sept 24th.</div>

R. A. Chapman and Ashmun, for the defendant, cited 1 Phill. on Ev. 34 ; Roscoe on Crim. Ev. 117, 120, 139, 140, 141.

D. Wells, (District Attorney,) for the Commonwealth, cited Roscoe on Crim. Ev. 120 ; Rex v. Dawber, 3 Stark. R. 34 ; Rex v. Birkett, Russell & Ryan, 251 ; 1 Phill. on Ev. 31, 32.

MORTON J. delivered the opinion of the Court. Several questions, more nice and curious than important, have been raised in this case.

1. It is competent for a jury to convict on the testimony of an accomplice alone. The principle which allows the evidence to go to the jury, necessarily involves in it a power in them to believe it.     The defendant has a right to have the jury decide upon the evidence which may be offered against him ; and their duty will require of them to return a verdict of guilty or not guilty, according to the conviction which that evidence shall produce in their minds. 2 Hawk. P. C. c. 46, § 135 ; Hale's P. C. 304, 305 ; Roscoe's Crim. Ev. 119 ; 1 Phill. Ev. 32 ; 2 Stark. Ev. 18, 20.

2. But the source of this evidence is so corrupt, that it is always looked upon with suspicion and jealousy, and is deemed unsafe to rely upon without confirmation.     Hence the court ever consider it their duty to advise a jury to acquit, where there is no evidence other than the uncorroborated testimony of an accomplice.     1 Phill. Ev. 34 ; 2 Stark. Ev. 24 ; *Rex* v. *Durham*, Leach, 528 ; *Rex* v. *Jones*, 2 Campb. 132 ; 1 Wheeler's Crim. Cas. 418 ; 2 Rodgers's Recorder, 38 ; 5 *Ibid.* 94.

3. The mode of corroboration seems to be less certain.     It is perfectly clear, that it need not extend to the whole testimony ; but it being shown, that the accomplice has testified truly in some particulars, the jury may infer that he has, in others. But what amounts to corroboration ? We think the rule is, that the corroborative evidence must relate to some portion of the testimony which is material to the issue.     To prove that an accomplice had told the truth in relation to irrelevant and immaterial matters which were known to everybody, would have no tendency to confirm his testimony involving the guilt of the party on trial.     If this were the case, every witness, not incompetent for the want of understanding, could always furnish materials for the corroboration of his own testimony.     If he could state where he was born, where he had resided, in whose custody he had been, or in what jail or what room in the jail he had been confined, he might easily get confirmation of all these particulars.     But these circumstances having no necessa-

ry connexion with the guilt of the defendant, the proof of the correctness of the statement in relation to them, would not conduce to prove that a statement of the guilt of the defendant was true.  Roscoe's Crim. Ev. 120 ; *Rex* v. *Addis*, 6 Car. & Payne, 388.

4. But these principles, though plain, are not always easy of application.  Questions of competency are so numerous and various, are distinguishable from each other by such nice shades of difference, and many of them come so near the line, that it oftentimes is extremely difficult to determine whether they fall on the one side or the other.

The inquiry of the accomplice by the defendant's counsel, whether he had been offered a reward or promised an indemnity, were relevant questions and the answers to them became material evidence.  We are therefore inclined to think, that the testimony in confirmation of these answers was admissible.  But this can scarcely be brought within the line ; and we are of opinion, that the testimony of the sheriff and jailer, as to the location of the rooms in the jail and the situation of the prisoners, &c. falls on the other side of the line.  We cannot perceive how the circumstance, that the witness told the truth about these public and common objects, concerning which he knew that proof was at hand, has any tendency to confirm the material parts of his testimony, involving the guilt of the defendant.

We think the Court of Common Pleas erred in the admission of this evidence.  And though there is very little reason to suppose that it had any influence upon the minds of the jury, yet as it cannot be known that it had none, and as this is a criminal case, we feel bound to order a new trial ; which will be had in the Court of Common Pleas.